Hillsborough-southern judicial district
No. 99-645

IN THE MATTER OF ROBERT P. DOLAN
AND CATHY DOLAN

November 21, 2001

*John A. Macoul,* of Salem, by brief and orally, for the petitioner.

*Penny S. Dean,* of Concord, by brief and orally, for the respondent.

DALIANIS, J. The petitioner, Robert P. Dolan, appeals the recommendation of the Master (*Alice S. Love,* Esq.) approved by the Superior Court (*Hampsey,* J.) that his child support payments be increased to reflect the exercise of stock options he acquired after his divorce from the respondent, Cathy L. Dolan. We affirm in part, vacate in part and remand.

The parties divorced in 1996 and share legal custody of their three children. The respondent has physical custody of the children. The petitioner is employed as a vice president of a publicly held corporation, and participates in his employer's stock option plan. He worked at this company during the course of the marriage. The parties' final stipulation required the petitioner to pay the respondent child support in the amount of $1,400 per month for the first two years, and $1,650 per month thereafter. This support obligation was based upon the petitioner's then annual salary of $70,980.

On April 22, 1998, the respondent moved to increase her child support, alleging that the petitioner's gross salary had increased and he had exercised stock options. In 1998, the petitioner reported wages to the Internal Revenue Service of $129,787.41. This amount included the petitioner's salary and proceeds realized from selling shares of stock held for less than one year that the petitioner had purchased with stock options from his employer.

In April 1999, the court entered a temporary decree increasing the petitioner's support obligation to $2,140 per month to reflect his then

current annual salary. The court excluded the proceeds from the sale of the petitioner's stock because this income "[did] not fall within the definition of income for purposes of calculating child support under the [child support] guidelines." The court made the order temporary to afford the respondent additional discovery about the petitioner's stock options.

In August 1999, the court modified its temporary decree, ruling that "stock options awarded to petitioner *after the divorce* and as part of his compensation package with his employer constitute income and should be included in any assessment of child support." The court noted that the respondent sought child support in 1999 based upon the petitioner's 1998 reported wages of $129,787. This amount, the court found, represented income received by the petitioner prior to the respondent's motion, and "may not necessarily be a reflection of what petitioner's income will be in the future." Accordingly, the court ruled that child support would remain at $2,140 monthly based upon the petitioner's salary. The court further ruled, however, that the monthly child support amount would also include an additional amount to reflect stock options "granted after March 12, 1999 [presumably, the date of the respondent's motion] and actually exercised by the petitioner." The court ordered the petitioner to pay the additional child support when he exercised the option, and permitted the petitioner to reduce the value of the exercised stock option by twenty percent, to reflect the capital gains tax rate. The court also ordered that the child support guidelines percentage be applied to the exercised option to determine the child support payable to the respondent.

The petitioner moved for rehearing and reconsideration, which the court denied without a hearing, and this appeal followed.

The stock options at issue permit the petitioner to purchase his employer's stock at a set price. To exercise them, the petitioner purchases the stock at this price and the stock is transferred to him. Upon exercise of the options, the petitioner may realize a paper profit, which is the difference between the set price and the market price when he exercised the option. The petitioner reports options that he has exercised on his income tax return. According to the petitioner, when he wishes to sell the stock, he must file a form with the Securities and Exchange Commission (SEC) and, if the SEC approves, he then has ninety days in which to sell. Once the stocks are sold, the petitioner may realize an actual profit, which may be more or less than the paper profit he realized when he exercised the option. According to the petitioner, if he chooses not to sell the stock within ninety days, he must file another form with the SEC seeking permission to sell the stock. At the final hearing, the petitioner stated that "typically [the stock]'s sold right away."

On appeal, the petitioner argues that the trial court erroneously considered the exercise of post-divorce stock options as income for child support purposes. Alternatively, he argues that the method by which the trial court included the exercised stock options as income was erroneous. These are issues of first impression for this court.

## I

We first address whether post-divorce exercised stock options are includable as income for the purposes of calculating child support. RSA chapter 458-C establishes a uniform system for determining child support obligations. For the purposes of calculating a parent's child support obligation, RSA 458-C:2, IV (Supp. 2000) defines "gross income" as

> all income from any source, whether earned or unearned, including but not limited to, wages, salary, commissions, tips, annuities, social security benefits, trust income, lottery or gambling winnings, interest, dividends, investment income, net rental income, self-employment income, alimony, business profits, pensions, bonuses, and payments from other government programs . . . .

Under this broad definition, we hold that the exercised stock options must be included as income for the purposes of calculating child support. According to the petitioner, he regularly receives stock options from his employer and they operate as an incentive. "Although the profits which are realized when an employee exercises an option to purchase his employer's stock, at a discounted price, are not explicitly mentioned in the statute, such options are analogous to a 'bonus'...." *Kenton v. Kenton*, 571 A.2d 778, 782 (Del. 1990). They are also included within the phrase "all income from any source." RSA 458-C:2, IV; *see also Kenton*, 571 A.2d at 782.

Categorizing the exercised stock options as income serves the policy goal of minimizing the economic consequences of divorce to children. *See* RSA 458-C:1 (1992). If the exercised stock options are not deemed income for child support purposes, a person could avoid child support obligations merely by choosing to be compensated in stock options instead of by a salary. Moreover, children would be deprived of the standard of living equal to that of the subsequent family of the parent paying child support. *See id.*

Other courts considering this issue have treated exercised stock options as income for the purposes of calculating child support. *See, e.g., Kenton*, 571 A.2d at 782-83 (post-divorce profits realized from exercise of stock option are income for child support purposes); *In re Marriage of Campbell*, 905 P.2d 19, 20-21 (Colo. Ct. App. 1995) (post-divorce proceeds

from actual exercise of stock options are income for child support purposes). The cases upon which the petitioner relies do not address whether stock options are income for child support purposes, and thus are inapplicable to this case. *See, e.g., MacAleer v. MacAleer*, 725 A.2d 829, 833 (Pa. Super. Ct. 1999); *Powell and Powell*, 934 P.2d 612, 613 (Or. Ct. App. 1997).

■ The petitioner argues that his exercised stock options are assets and thus should not be includable as income for child support purposes. Exercised stock options, in fact, have a dual nature. *Cf. Rattee v. Rattee*, 146 N.H. 44, 49 (2001) (asset may be property for equitable distribution purposes upon dissolution of marriage and income from the asset may be used to determine child support obligation). They are like assets because they represent a right to purchase an ownership interest in a corporation's stock. They have characteristics of income because they permit "the owner to capture the appreciation in value of the stock prior to its actual purchase." *Seither v. Seither*, 779 So. 2d 331, 333 (1999). The stock options at issue, like income, were given to the petitioner as a form of compensation, and, unlike most assets, were not alienable.

In this case, we believe that treating the petitioner's post-divorce exercised stock options as income for child support purposes is necessary to meet the policy goals of the child support laws. Only by doing so may we minimize the economic consequences of divorce on the children and ensure that they enjoy a standard of living equal to that of the petitioner's subsequent family. *See* RSA 458-C:1.

■ The petitioner next argues that the exercised stock options do not, and cannot, provide a "reliable, consistent, predictable or customary source of revenues." While we agree that the income generated from exercised stock options may be sporadic, we do not believe that this justifies excluding it from the child support calculation. The statutory definition of income specifically includes other types of nonrecurring income, such as lottery or gambling winnings, and bonuses. *See* RSA 458-C:2, IV. Furthermore, the legislature has provided the means for addressing this issue by giving trial courts the discretion to adjust the award where applying the uniform child support guidelines would result in a "confiscatory support order." RSA 458-C:5, I(j) (Supp. 2000).

## II

We next address the petitioner's argument that the trial court erroneously denied his request for reconsideration and rehearing. The

petitioner argues that the trial court was required to grant his request because it revised the temporary decree without warning. The record belies this assertion. The trial court revised the temporary decree only after the marital master held a final hearing at which the parties addressed whether the stock options were includable as income. At the final hearing, the master specifically informed petitioner's counsel that she would hear issues regarding the stock options *de novo*. The court fully considered the issues raised by the petitioner in his motion for reconsideration and rehearing, and accordingly did not abuse its discretion by denying the motion.

## III

Finally, we address the method of including the petitioner's exercised stock options as income for child support purposes. The petitioner argues that the trial court abused its discretion in the manner in which it included his exercised options as income. We agree. Having aptly concluded that exercised stock options are includable as income, the trial court should have added them to the petitioner's gross income when calculating the parties' total support obligation pursuant to RSA 458-C:2 & :3 (Supp. 2000). Instead, the trial court applied the statutory formula to the petitioner's salary alone and excluded the proceeds from the sale of his stock. Accordingly, we vacate the court's order and remand for further proceedings consistent with this opinion.

*Affirmed in part; vacated in part; and remanded.*

BROCK, C.J., and BRODERICK, NADEAU and DUGGAN, JJ., concurred.