Compensation Appeals Board
No. 99-825

APPEAL OF LOIS HISCOE

(New Hampshire Compensation Appeals Board)

November 26, 2001

*McKible & Johnstone*, of Concord (*Andrew D. Johnstone* on the brief and orally), for the petitioner.

*Wadleigh, Starr & Peters, P.L.L.C.*, of Manchester (*Michael R. Mortimer* on the brief and orally), for the respondents.

DALIANIS, J. The petitioner, Lois Hiscoe, appeals a decision of the New Hampshire Compensation Appeals Board (board) denying her an award for permanent impairment, *see* RSA 281-A:32, IX (1999), and terminating her weekly disability benefits, *see* RSA 281-A:48 (1999). We affirm.

On May 25, 1992, while working for the New Hampshire State Hospital (hospital) as a human resources assistant, the petitioner injured her lower back while attempting to open a file drawer. Following the injury, the petitioner saw various physicians who diagnosed her condition as a lumbar strain, with no evidence of disc herniation. She also exhibited signs of lumbar disc degeneration.

The petitioner received temporary total disability benefits, commencing from the time of her injury. She attempted to return to work later in 1992, but could not perform her duties on a full-time basis without experiencing back pain. She voluntarily retired later that year.

On April 26, 1995, Doctor C.M. Husted conducted a permanent impairment evaluation on the petitioner. He concluded that she had a seven percent whole person permanent impairment because of her lumbar spine, and that her condition at that time was caused by her 1992 workplace injury. He also noted that the petitioner had disc degeneration. On April 2, 1997, Doctor Husted reevaluated the petitioner and concluded that she had reached a medical endpoint, but could begin doing light work.

In 1998, the petitioner filed a claim with the department of labor (DOL) for a permanent impairment award. *See* RSA 281-A:32, IX. The respondents requested that the DOL add the issue of extent of disability, *see* RSA 281-A:48, to the petitioner's permanent impairment award hearing. After the DOL initially denied this request, the respondents' counsel sent a letter to the DOL stating:

> The [Independent Medical Examiner's] report indicates that the condition from which the claimant suffers and which causes her disability is no longer causally related to the original injury. My understanding is that the Department considers this to be an extent issue rather than a causal relationship issue under §2; hence, the request for the addition of this issue. On this basis, I renew my request for the addition of §48 as an issue at the hearing scheduled for September 2, 1998.

The respondents sent a copy of this letter to the petitioner's attorney. The DOL issued a notice adding "Review of Eligibility for Compensation and Extent of Disability" to the hearing agenda.

The DOL conducted a hearing on October 1, 1998. At the hearing, the respondents argued, among other things, that the petitioner's 1992 injury was not compensable because it was a soft tissue injury. In addition, they argued that her initial lumbar strain had resolved and that any disability at the time of the hearing was caused by her degenerative disc disease. Most of the medical reports introduced at the hearing indicated that the lumbar strain that had been caused by the petitioner's 1992 injury had resolved, and that her continuing condition was caused by her pre-existing degenerative disc disease.

The DOL denied the petitioner a permanent impairment award because a soft-tissue injury is not compensable under RSA 281-A:32, IX. The DOL also denied the respondents' request to terminate benefits under RSA 281-A:48, finding that "the self-insured has failed to provide sufficient medical evidence that a change in condition has occurred and the claimant's current symptoms are unrelated to the May 25, 1992 work injury." The DOL further stated that, based upon the medical evidence, "it [wa]s difficult to determine that the self-insured provided sufficient medical evidence to prove that the claimant's condition is no longer related [to the 1992 workplace injury]." Both parties appealed the decision to the board.

A hearing was held on September 30, 1999, during which the board reviewed the medical evidence presented to the DOL, as well as a report from Doctor William Boucher, who examined the petitioner on April 20, 1999. In his report, Doctor Boucher concluded that the petitioner's physical condition remained unchanged since her 1992 injury, but that there was no causal relationship between her disability at that time and her workplace injury. He reported that his examination revealed no evidence of ongoing injury and that her condition was caused entirely by osteoarthritis of the lumbosacral spine, which had been significant since 1986.

Prior to the hearing, the board's chairman informed the petitioner's attorney that the respondents would be allowed to argue that the petitioner's condition was not causally related to the 1992 workplace injury. The board affirmed the DOL decision denying the petitioner a permanent impairment award on the ground that her injury was a soft tissue injury and therefore excluded under RSA 281-A:32, IX. In addition, the board ruled that the petitioner was not entitled to a permanent impairment award because she failed to prove by a preponderance of the evidence that her work related injury caused an aggravation of her underlying degenerative disc disease. The board reversed the DOL decision not to terminate the petitioner's disability benefits, finding that "the administrator [proved] a change of condition by a preponderance of the evidence that there [wa]s no causal relationship between the claimant's

current disability and her work related [injury] of May 25, 1992." The petitioner filed a motion for rehearing, which the board denied. This appeal followed.

"We will not disturb the board's decision absent an error of law, or unless, by a clear preponderance of the evidence, we find it to be unjust or unreasonable." *Appeal of Bergeron*, 144 N.H. 681, 683 (2000); *see* RSA 541:13 (1997). We consider the board's findings of fact to be *prima facie* lawful and reasonable. *See* RSA 541:13. We begin by addressing the board's decision to terminate the petitioner's disability benefits under RSA 281-A:48.

*I. Extent of Disability / Termination of Benefits*

The petitioner first argues that the board deprived her of due process when it terminated her disability benefits under RSA 281-A:48 because it required her to prove that her condition was causally related to her 1992 workplace injury. She argues that causation was not a noticed issue before the board and that the respondents were required to request a separate hearing before the DOL to challenge causation.

■■ "The fundamental requisite of due process is the right to be heard at a meaningful time and in a meaningful manner." *Appeal of Portsmouth Trust Co.*, 120 N.H. 753, 758 (1980). To that end, we have held that adequate notice is that which is reasonably calculated to give the parties actual notice of the issue or issues to be decided at the hearing. *See Town of Swanzey v. Liebeler*, 140 N.H. 760, 763 (1996). In the context of workers' compensation hearings, the DOL is required to specify the issues to be addressed at the hearing. N.H. ADMIN. RULES, Lab 204.1. Due process, however, does not require perfect notice, but only "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Douglas v. Douglas*, 143 N.H. 419, 423 (1999) (quotation omitted). Thus, our inquiry focuses upon whether notice was fair and reasonable under the particular facts and circumstances of each case. *Berube v. Belhumeur*, 139 N.H. 562, 567 (1995).

■ First, contrary to the petitioner's assertion, the board did not place the burden of proving causation upon her when it terminated disability benefits under RSA 281-A:48. Rather, it placed the burden correctly upon the respondents. *See Appeal of Elliott*, 140 N.H. 607, 610 (1996). Thus, to the extent the petitioner claims she was not notified *she* would have the burden of proving causation in order to continue receiving benefits, her due process claim is without merit.

Prior to the DOL hearing, the respondents sent a letter to both the DOL and the petitioner's attorney requesting that the issue of extent of disability be added to the permanent impairment hearing. In that letter, the respondents explained that they were challenging the causal relationship of the petitioner's then current condition to the 1992 workplace injury. The petitioner does not dispute receiving this letter. Further, the record of proceedings before the DOL indicates that the respondents argued that the petitioner's condition was no longer causally related to her 1992 injury, in that her lumbar strain had resolved and her condition was caused by her degenerative disc disease. The DOL also addressed the issue of causal relationship in its decision.

Moreover, the petitioner discussed the causal relationship issue with the respondents and the board during a pre-hearing colloquy and did not object to the board's consideration of the issue. Prior to closing arguments, the chairman of the board again addressed the causal relationship issue, stating

> the fact that [causal relationship of injury to employment] was not noticed as an issue for this hearing does not prevent Attorney Mortimer from arguing that there has been a change of conditions that warrants determination [*sic*] of or reduction of benefits on the basis that the claimant's disability is no longer causally related to her work related injury. Similarly, he will be allowed to argue ... that any permanent partial impairment is not causally related to the work related injury under RSA 281-A:32.

Again, the petitioner raised no objection. In fact, the petitioner's attorney stated in his closing argument that "the issue that really faces [the board] with regard to permanency is [whether] her current degenerative disc disease condition, arthritis, osteoarthritis and low back pain, is ... related to the injury of May 25, 1992 or is somehow related back to a pre-existing condition, or is it related to a change in condition." Therefore, under these circumstances, we conclude that the petitioner had sufficient notice throughout the proceedings that the respondents would seek to terminate her disability benefits on the ground that her condition was no longer causally related to her 1992 workplace injury.

■ ■ The petitioner also argues that the board's decision under RSA 281-A:48 must be reversed because it did not have jurisdiction to address the issue of causal relationship. The board's *de novo* review of department of labor workers' compensation decisions is limited to issues raised in the department of labor proceedings being appealed. *Appeal of Staniels*, 142

N.H. 794, 796 (1998) (brackets omitted). The purpose behind limiting the issues that may be reviewed by the board is to ensure that "the parties can reasonably anticipate the issues for which they must prepare evidence and argument." *Appeal of Rainville*, 143 N.H. 624, 629 (1999). Having reviewed the record, as discussed, in part, above, we conclude that the causal relationship issue was raised before the DOL, giving the board jurisdiction to review the issue.

The petitioner next argues that the board erred in terminating her disability benefits because the respondents failed to prove that she had a change in condition pursuant to RSA 281-A:48. She asserts that in order to prove a change in condition, the respondents were required to establish that there was a change in her physical condition, enabling her to perform her regular work or engage in gainful employment.

RSA 281-A:48, in pertinent part, states:

> I. Any party at interest with regard to an injury occurring after July 1, 1965, may petition the commissioner to review a denial or an award of compensation made pursuant to RSA 281-A:40 by filing a petition with the commissioner not later than the fourth anniversary of the date of such denial or the last payment of compensation under such award or pursuant to RSA 281-A:40, as the case may be, upon the ground of a change in conditions, mistake as to the nature or extent of the injury or disability, fraud, undue influence, or coercion. . . .

> II. Upon the filing of a petition and after notice to all interested parties and hearing, the commissioner shall enter an order, stating the reasons therefor, either:

> . . . .

> (b) Ending, diminishing, or increasing the compensation previously paid or fixed by award, subject to the maximum or minimum provided in this chapter.

> III. If a petitioner files for reducing or for ending compensation, the petitioner shall submit along with the petition medical evidence that the injured employee is physically able to perform his or her regular work or is able to engage in gainful employment. On the basis of such medical evidence, the commissioner may authorize suspension of further payments pending a hearing on the petition; otherwise,

compensation shall continue on the basis of the existing award pending the hearing and any further order by the commissioner. All procedure on a petition under this section shall be the same as provided in this chapter for original hearings.

"We are the final arbiter of the meaning of the workers' compensation statute, and the nature and extent of compensation to the injured employee ... is governed by the express statutory language and that which can be fairly implied therefrom." *Appeal of Brown*, 143 N.H. 112, 118-19 (1998) (quotation omitted). As a matter of longstanding practice, we adopt a construction favorable to the claimant when statutory language is ambiguous. *See id.* at 119. "Nevertheless, we do not assume that the legislature would enact statutory language that would lead to an absurd result." *In re Murray*, 142 N.H. 910, 913 (1998).

■ Typically, "[t]he 'change in condition' which justifies reopening and [termination of disability benefits] is ordinarily a change, for better or worse, in claimant's physical condition. This change may take such forms as progression, deterioration, or aggravation of the compensable condition ...." 8 A. LARSON, WORKMEN'S COMPENSATION LAW § 131.03[1][a] (2000). If the medical evidence establishes that the petitioner's compensable work-related injury has ceased, a change in condition has occurred, warranting termination of benefits. *See Southwire Co. v. Molden*, 477 S.E.2d 646, 648 (Ga. Ct. App. 1996); *Celanese Fibers Co. v. Johnson*, 326 S.E.2d 687, 690 (Va. 1985). "This is true even though the claimant is disabled if such disability is due to causes unrelated to the on the job injury." *Southwire Co.*, 477 S.E.2d at 648; *Celanese Fibers Co.*, 326 S.E.2d at 690; *Estridge v. Joslyn Clark Controls, Inc.*, 482 S.E.2d 577, 580 (S.C. Ct. App. 1997). Thus, to prove a change in the petitioner's condition in this case, the respondents have the burden of establishing that her work-related disability has ceased and, if she continues to be disabled, that the disability is no longer caused by the compensable injury. *See Iacono v. W.C.A.B. (Chester Housing)*, 624 A.2d 814, 817 (Pa. Commw. Ct. 1993) (interpreting state law allowing referee to terminate claimant's benefits upon finding that claimant's work-related disability has entirely ceased).

■ Here, the respondents presented substantial medical evidence that the petitioner's original work-related condition (lumbar strain) had resolved, and that her continued disability was related to her pre-existing degenerative disc disease. This evidence established that there was no causal connection between the petitioner's disability and the 1992

workplace injury. The board could, therefore, reasonably conclude, based upon these medical opinions, that the petitioner experienced a change in condition. The petitioner argues, however, that the board erred in terminating her benefits because her 1992 workplace injury was the medical and legal cause of the "lighting up" of her pre-existing disabling symptoms. *See Appeal of Briand,* 138 N.H. 555, 560 (1994). Because the petitioner failed to raise this issue in her motion for rehearing before the board, we will not address it. *See* RSA 541:4; *Appeal of Kruzel,* 143 N.H. 681, 684 (1999). Accordingly, we conclude that the respondents introduced sufficient medical evidence that the petitioner's condition had changed under RSA 281-A:48.

■ Further, the respondents were not required to prove under these circumstances that the petitioner could return to her regular work or engage in gainful employment in order to terminate her benefits. We have interpreted RSA 281-A:48, III as requiring an employer to prove, as a condition to terminating disability benefits, that a claimant has some form of work capacity. *See McKay v N.H. Compensation Appeals Bd.,* 143 N.H. 722, 731 (1999); *Appeal of Jackson,* 142 N.H. 204, 206-07 (1997). *McKay* and *Jackson,* however, are distinguishable from the present case. In those cases, we addressed situations where the employer sought to either terminate or reduce a claimant's disability benefits on the ground that the claimant was capable of performing some form of work. *See McKay,* 143 N.H. at 731; *Jackson,* 143 N.H. at 205-06. The respondents here are not seeking to terminate the petitioner's disability benefits because she is able to return to work, but rather because her disability is no longer causally related to her workplace injury.

■ It is axiomatic that the petitioner is eligible to receive disability benefits only as long as her injury "aris[es] out of and in the course of employment." *Appeal of Griffin,* 140 N.H. 650, 654 (1996). The logical corollary to this maxim is that the petitioner's entitlement to disability benefits lasts only as long as the disability that is caused by the work-related injury. For this reason, we hold that where an employer has introduced sufficient medical evidence that a "claimant's work-related injury has ceased and any physical problems still suffered from are causally related to a pre-existing condition it is not necessary that the employer prove that suitable alternative work is available." *Royster v. W.C.A.B. (Nat. Mines Corp.),* 518 A.2d 331, 334 (Pa. Commw. Ct. 1986). To construe RSA 281-A:48, III otherwise would create the incongruous result of an employer being unable to terminate an employee's disability benefits, even though the employee's disability is no longer related to the original compensable injury. *See Williams Bros. Lumber Co. v. Magee,* 292 S.E.2d 477, 477 (Ga. Ct. App. 1982).

For these reasons, we conclude that the board did not err in terminating the petitioner's disability benefits pursuant to RSA 281-A:48.

## II. Permanent Impairment

The petitioner next argues that the board erred because its decision to deny her a permanent impairment award was based upon her failure to prove that the 1992 workplace injury aggravated her pre-existing degenerative disc disease. She argues that the board deprived her of due process because she was not notified that the issue of causal relationship would be addressed at the hearing.

We need not pause long to consider this issue, however, because the board's decision was not based solely upon the issue of causation. Rather, the board also concluded that the petitioner was not entitled to a permanent impairment award because her injury was a soft-tissue injury and therefore not a compensable permanent impairment. *See* RSA 281-A:32, IX; *In re Petition of Abbott*, 139 N.H. 412, 415 (1995). Because the petitioner does not challenge this conclusion, we need not consider her remaining arguments.

Accordingly, we affirm the board's decision that the petitioner was not entitled to a permanent impairment award.

*Affirmed.*

BROCK, C.J., and BRODERICK, NADEAU and DUGGAN, JJ., concurred.