Brentwood Family Division
No. 2003-580

IN THE MATTER OF HAROLD ARABIAN AND DENISE
(ARABIAN) SQUILLANTE

Argued: April 21, 2004
Opinion Issued: June 11, 2004

*MacMillan Law Offices*, of Bradford, Massachusetts (*Thomas K. MacMillan* on the brief and orally), for the petitioner.

*Denise Squillante*, by brief and orally, *pro se*.

DALIANIS, J. The petitioner, Harold Arabian, appeals from the final divorce decree entered by the Brentwood Family Division (*Taube*, J.) ordering him to pay seventy-five percent of his minor child's "miscellaneous expenses," in addition to child support. We reverse in part, vacate in part and remand.

The record supports the following facts. The petitioner and the respondent, Denise Squillante, have a child born in 1998. Paragraph six of their divorce decree provides that the petitioner is responsible for "seventy-five percent (75%) of the miscellaneous expenses for the child which include, but are not limited to, extracurricular and enrichment activities, summer camp programs, school activities, sports activities, school trips and other similar expenses, provided such expenses are agreed upon in advance." The decree requires the respondent to pay for twenty-five percent of these expenses. The decree admonishes both parties not to "unreasonably withhold their agreement to these activities and expenses." Upon the respondent's motion for clarification, the court ruled that the $3,500.00 she paid annually for the minor child's full-day kindergarten and the $152.00 she paid weekly for his after-school care were miscellaneous expenses covered by paragraph six of the decree.

In addition to these miscellaneous expenses, the decree obliges the petitioner to pay $217.00 per week in child support, consistent with the State's child support guidelines (guidelines). *See* RSA ch. 458-C (1992 & Supp. 2003).

On appeal, we will uphold the trial court's decision regarding miscellaneous expenses unless it is unsupported by the evidence or tainted by error of law. *In the Matter of Coderre & Coderre*, 148 N.H. 401, 403 (2002).

■ The petitioner first argues that the trial court erred by requiring him to pay 75% of his child's extracurricular activity expenses in addition to weekly child support. We agree. "Extracurricular activities fall into the same category of basic support as food, shelter and recreation." *Id.* at 406. Such expenses are included in the parties' total support obligation. *Id.* Thus, the court erred by requiring the petitioner to pay for part of the minor child's extracurricular activity expenses in addition to child support under the guidelines. *See id.* For this reason, we likewise conclude that the court's order requiring the petitioner to contribute towards "enrichment activities ... school activities, sports activities, [and] school trips" is erroneous.

The petitioner next argues that the trial court erred by requiring him to contribute towards the respondent's expenses for kindergarten, after-school care and summer camp in addition to paying child support. To determine whether these expenses, like extracurricular activity expenses, are part of the child support award under the guidelines, we look to the language of the relevant statutes. *See id.* at 403.

In matters of statutory interpretation, this court is the final arbiter of legislative intent as expressed in the words of the statute considered as a whole. *In the Matter of Watterworth & Watterworth*, 149 N.H. 442, 445 (2003). We first examine the language of the statute and ascribe the plain and ordinary meanings to the words used. *Id.* We interpret legislative intent from the statute as written, and do not consider what the legislature might have said or add words to the statute the legislature did not include. *In the Matter of Coderre & Coderre*, 148 N.H. at 403. Finally, we interpret statutes in the context of the overall statutory scheme and not in isolation. *Id.*

The guidelines, codified in RSA chapter 458-C, establish a uniform system for determining child support obligations. *In the Matter of Dolan and Dolan*, 147 N.H. 218, 221 (2001). RSA 458-C:3, I (Supp. 2003) sets forth the formula for calculating child support. *In the Matter of Coderre & Coderre*, 148 N.H. at 403. "Generally, the parents' net income is multiplied by a set percentage, which in this case is [twenty-five] percent, and divided by the parents in proportion to their incomes." *Id.*; *see also* RSA 458-C:3, I, II(b) (Supp. 2003).

To determine each parent's share of the child support obligation when the obligee has incurred "allowable child care expenses," the court must deduct the obligee's "allowable child care expenses" from the obligee's adjusted gross income. RSA 458-C:3, II(c) (Supp. 2003). "Allowable child care expenses" are "actual work-related child care expenses for the

children to whom the order applies." RSA 458-C:2, I-a (Supp. 2003). The annual total allowable child care expense for one child is $5,000.00. *Id.*

 We hold that expenses for kindergarten, after-school child care, and summer camp may qualify as "[a]llowable child care expenses." *Id.* Accordingly, these expenses, like extracurricular activity expenses, are included in the parties' total support obligation. *See In the Matter of Coderre & Coderre*, 148 N.H. at 406.

 We are unable to resolve in the first instance whether the respondent's expenses for these items are "[a]llowable child care expenses." RSA 458-C:2, I-a. Therefore, we vacate the child support award and remand for the court to determine whether the respondent's expenses for full-day kindergarten, after-school child care and summer camp are "[a]llowable child care expenses" and to recalculate the parties' child support obligations accordingly. *Id.*; *see* RSA 458-C:3, II. When recalculating the parties' child support obligations, the court may also consider whether these expenses constitute "special circumstances" that would justify deviating from the guidelines. RSA 458-C:5 (Supp. 2003). In making this determination, the trial court shall use our decision in *In the Matter of Barrett & Coyne*, 150 N.H. 520, 524-25 (2004), for guidance.

 Because the guidelines set forth the method by which courts should take these kinds of expenses into account when calculating the parties' total support obligation, we hold that it was error for the court to have required the petitioner to pay for part of them in addition to child support. *See In the Matter of Coderre & Coderre*, 148 N.H. at 406.

*Reversed in part; vacated in part; and remanded.*

BRODERICK, C.J., and NADEAU, DUGGAN and GALWAY, JJ., concurred.