Compensation Appeals Board
No. 2004-313

APPEAL OF NEW HAMPSHIRE YOUTH DEVELOPMENT CENTER
(New Hampshire Compensation Appeals Board)

Argued: January 12, 2005
Opinion Issued: April 4, 2005

*Devine & Nyquist, P.A.*, of Manchester (*Lee C. Nyquist* on the brief and orally), for the petitioner.

*Sulloway & Hollis, P.L.L.C.*, of Concord (*James E. Owers* and *Chantalle Forgues* on the brief, and *Mr. Owers* orally), for the State.

GALWAY, J. The New Hampshire Youth Development Center (State) appeals a decision of the New Hampshire Compensation Appeals Board (Board) allowing the petitioner, Stephen Searles, to continue to receive the

benefit of past adjustments to his weekly compensation rate, while also receiving social security disability benefits. *See* RSA 281-A:29 (1999). We reverse and remand.

The record reflects the following facts. The petitioner injured his right shoulder while working for the State on December 29, 1993, and began receiving workers' compensation benefits at a weekly rate of $316.60. *See* RSA 281-A:28 (1999). Although the petitioner applied for social security disability benefits in 1996, his application was denied. In December 1996, he received a cost-of-living adjustment to his weekly rate. *See* RSA 281-A:29. He continued to receive annual cost-of-living adjustments, *see* RSA 281-A:29, IV, and by July 2001, his adjusted weekly rate had increased to $443.34.

The petitioner reapplied for social security disability benefits, and, on August 21, 2001, the Social Security Administration notified him that he qualified for benefits. As a result of his qualification for social security disability benefits, the petitioner's workers' compensation benefits were reduced to his unadjusted weekly rate of $316.60.

While receiving social security benefits, the petitioner requested that the New Hampshire Department of Labor (DOL) order reinstatement of his adjusted weekly rate of $443.34. The DOL denied the petitioner's request. The petitioner appealed to the Board, which determined that he was entitled to continue to receive the adjusted weekly rate of $443.34, but that he was not entitled to any future cost-of-living adjustments under RSA 281-A:29. The State appealed.

When reviewing the Board's decision, we will not disturb that decision absent an error of law, or unless, by a clear preponderance of the evidence, we find it to be unjust or unreasonable. *Appeal of Hiscoe*, 147 N.H. 223, 227 (2001). As the facts of this case are undisputed, we examine the Board's decision only for errors of law.

The State argues that because the petitioner is now receiving social security disability benefits, the plain language of RSA 281-A:29 provides that he is not entitled to continue to receive the adjusted weekly rate afforded by the statute. We agree.

We are the final arbiter of the meaning of the workers' compensation statute, and the nature and extent of compensation to the injured employee is governed by the express statutory language and that which can be fairly implied therefrom. *Appeal of Hiscoe*, 147 N.H. at 230. When construing the meaning of a statute, we first examine the language found in the statute and, where possible, ascribe the plain and ordinary meanings to the words used. We interpret legislative intent from the statute as

written, and do not consider what the legislature might have said or add words to the statute that the legislature did not include. *In the Matter of Arabian & Squillante*, 151 N.H. 109, 111 (2004).

RSA 281-A:29 provides:

> For all compensable injuries occurring on or after July 1, 1963, for which total disability continues, *except those injuries for which the employee is entitled to benefits under the federal Social Security Act*, as amended, the injured employee shall be entitled to an adjustment in the weekly compensation rate ... based upon the following formula:
>
> . . . .
>
> IV. The injured employee shall be entitled to an adjustment in the weekly compensation rate at one year intervals on July 1 in each year with the initial review occurring on or after the third anniversary of the injury.

(Emphasis added.)

There is no dispute that the petitioner was entitled to receive an adjusted weekly rate prior to his entitlement to social security benefits. The only issue now in dispute is whether, once the petitioner became entitled to social security benefits, the entitlement to receive an adjustment to the weekly rate ceased to exist.

█ "[B]ecause the right to compensation is statutory in its origin, injured workers' rights can be no greater than what the legislature has provided." P. L. SALAFIA, NEW HAMPSHIRE WORKERS' COMPENSATION MANUAL § 1.05, at 1-5 (3d ed. 2004). Though the dissent argues that the statute is ambiguous, we see no ambiguity. RSA 281-A:29 does not provide that an injured worker who is entitled to social security benefits shall not be entitled to any *future* adjustments; rather, RSA 281-A:29 plainly states that an "injured employee shall be entitled to an adjustment in the weekly compensation rate" *except for* "those injuries for which the employee is entitled to benefits under the federal Social Security Act."* (Emphasis added.) We interpret this language as providing that if an injured worker is entitled to social security benefits, there is no statutory right to *any* entitlement under RSA 281-A:29.

Injured workers who receive social security disability benefits are kept up-to-date with respect to the value of their earnings, even though they do not receive cost-of-living adjustments to their workers' compensation

benefits, because *social security disability benefits, themselves, contain cost-of-living adjustments*. 42 U.S.C. § 415(i) (2000); *see, e.g., Engelbrecht v. Hartford Acc. & Indem.*, 680 P.2d 231, 232 n.1 (Colo. 1984). It is only when an injured worker is *not* entitled to social security disability benefits that the need for RSA 281-A:29 becomes apparent. That is because, without the cost-of-living adjustments provided by RSA 281-A:29, an injured worker's benefits will fail to adjust to modern prices, as that worker will receive no cost-of-living adjustments whatsoever.

RSA 281-A:29 demonstrates a statutorily drawn balance between the welfare of the employees of this State and the interests of the employers of this State. Where an employee does not receive social security benefits, the legislature has chosen to require an employer to pay cost-of-living adjustments to the employee for the above stated reasons. However, where an employee does receive social security benefits, the legislature has chosen to relieve the employer of that burden and allow the employee to rely upon the Social Security Administration for cost-of-living adjustments.

Thus, our interpretation merely reflects the statutory allocation of the financial responsibility, as between the employers of this State and the Social Security Administration, for the payment of an injured worker's adjustments. To award an employee both cost-of-living adjustments for workers' compensation and cost-of-living adjustments for social security would unnecessarily broaden a statute that was enacted for a narrow set of workers, and provide a benefit that would burden the employer beyond that which is authorized by the statute. In this case, now that the petitioner is entitled to social security benefits, he will receive cost-of-living adjustments through those benefits and be protected, to the extent deemed necessary by the legislature, from the future decline in the value of the benefits that would otherwise occur.

*Reversed and remanded.*

BRODERICK, C.J., and NADEAU, J., concurred; DALIANIS, J., with whom DUGGAN, J., joined, dissented.

DALIANIS, J., dissenting. I disagree with the majority's holding that an injured worker who has been granted past adjustments loses his entitlement to those adjustments if he later becomes entitled to social security benefits. For the following reasons, I would hold that the statute should be interpreted as prohibiting an employee from receiving future

adjustments to his benefits without forfeiting adjustments that had been previously granted.

Although the majority holds that RSA 281-A:29 may be interpreted on its face, I believe that, with respect to the issue before us, the statute is ambiguous. I first note that the plain language of the statute *does* indicate that the legislature intended to provide cost-of-living adjustments to a worker who receives workers' compensation benefits for three years and does not, by the end of those three years, become entitled to social security benefits. RSA 281-A:29. And, I note that the plain language *does* indicate that the legislature intended to prohibit a worker from receiving cost-of-living adjustments if that worker becomes entitled to social security benefits during the first three years, and, of course, does not later lose his entitlement to social security benefits. RSA 281-A:29.

Noticeably absent from RSA 281-A:29, however, is any indication of whether a worker who has previously been granted adjustments under the statute should lose his or her entitlement to those adjustments. The majority professes that a worker's right to benefits is limited to only those benefits authorized by the statute. With that I agree. However, the majority's holding rests upon the interpretation of a provision that does not exist, *i.e.*, one that requires an employee to forfeit his entitlement to adjustments previously granted. The statute is silent with respect to this issue.

Absent plain language in the statute, we look to legislative history for guidance. The State cites Senator Bergeron, who stated that the statute "provid[es] an adjusted total disability benefit to take care of the people who are not entitled to any social security benefits and are completely disabled." N.H.S. JOUR. 583 (1975). However, this statement merely repeats the statutory language and provides no new insight into the issue before us. Thus, the legislative history is barren; it seems clear that the legislature did not contemplate the issue at hand.

We have long followed the principle that where the legislature has failed to indicate, either in the plain language of the Workers' Compensation Law or the legislative history, the result that it would choose if faced with a particular situation, "[t]he remedial nature of workmen's compensation laws dictates they be liberally construed and that all reasonable doubts be resolved in favor of the injured employee." *Petition of Correia*, 128 N.H. 717, 721 (1986) (quotation omitted). Though it may be *reasonable* to interpret the statute as proscribing the petitioner from continuing to receive the benefit of previous adjustments to his weekly rate, I believe that it is equally *reasonable* to interpret the statute as merely proscribing

the petitioner from receiving future adjustments to his weekly rate, while allowing him to retain the benefit of adjustments already granted. Following the principle of liberal construction, I would hold that, given the choice between allowing the injured worker to retain his entitlement to benefits previously granted or forcing the injured worker to forfeit his entitlement to those benefits, the policy of favoring the injured worker dictates that he remain entitled to those adjustments.

Resolving this matter in favor of the injured worker does not upset the policy of RSA 281-A:29 as outlined by the majority. The majority concludes that allowing the petitioner to retain benefits previously granted would *unnecessarily* broaden the statute because it would allow the petitioner to, essentially, receive two cost-of-living adjustments—one for workers' compensation benefits and one for social security benefits. I disagree for two reasons. First, although the petitioner would still receive the benefit of past adjustments to his weekly rate, he would not be receiving any further adjustments to his rate. The only future adjustments he would receive would be those to his social security benefits.

Secondly, the petitioner took the independent step of reapplying for social security benefits. And it is this step that has fortuitously saved the employer from future cost-of-living adjustments, thus providing a benefit to the employer. Far from it being unnecessary to allow the petitioner to retain the benefit of past adjustments, it is unnecessary, now that the petitioner has taken the responsible step of applying for social security benefits, to take those adjustments away. Further, though the petitioner would receive a benefit from the adjusted weekly rate, in order to gain his adjusted weekly rate, the petitioner had to forgo the receipt of social security benefits for a number of years. The petitioner has, in a sense, paid a price for his higher adjusted weekly rate.

The determinations of the New Hampshire Compensation Appeals Board and the Federal Social Security Administration are independent determinations, and neither determination can be controlled by the injured worker. There are instances in which the Board determines that an injured worker qualifies for total disability benefits, while the Social Security Administration determines that the injured worker does not qualify for social security benefits. There are also instances, perhaps due to the physical degeneration of the worker, or simply a reevaluation of a claim, in which the Social Security Administration determines long after the injury that the injured worker qualifies for social security benefits. Such a determination takes place, however, in the present, not in the past. I see no reason, absent clear legislative intent to the contrary, to force an

injured worker to forfeit his or her entitlement to adjustments that were previously granted.

For the above reasons, I respectfully dissent.

DUGGAN, J., joins in the dissent.