# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2015-0068, <u>Appeal of Kathleen Burl-Cardin</u>, the court on February 18, 2016, issued the following order:**

Having considered the briefs and oral arguments of the parties, the court concludes that a formal written opinion is unnecessary in this case. The petitioner, Kathleen Burl-Cardin, appeals a 2014 decision of the New Hampshire Compensation Appeals Board (CAB) terminating her workers' compensation benefits. The CAB ruled that the petitioner was no longer entitled to benefits because her stress-related disability was not related to her employment. We affirm.

The CAB found, or the record supports, the following facts. The petitioner worked as a juvenile services officer for the State of New Hampshire until 1993, when her psychologist directed her to stop working after diagnosing her with post-traumatic stress disorder (PTSD). He concluded that her PTSD was caused by her unusually stressful work environment. In 1994, the CAB approved the petitioner's claim for disability benefits, finding that the petitioner had "no predisposition to mental illness," but, rather, had a "stress related disability" that "arose out of and in the course of her employment." The State has paid disability benefits to the petitioner since that time.

In 2014, a hearing was held before the CAB to resolve claims by the State that the petitioner no longer qualified for benefits because she had "undergone a change in circumstances and/or the original diagnosis was in error and her disability was not caused by her work." <u>See</u> RSA 281-A:48 (2010) (providing guidelines for review of eligibility for compensation). After considering the expert testimony of psychiatrist Dr. Albert Drukteinis — the only medical provider who testified at the hearing — and reviewing the records of the petitioner's treating physicians, the CAB concluded that "the original findings of work-related disability were in error," and that the petitioner's "condition was never caused by her workplace." Alternatively, the CAB ruled that, even assuming that the petitioner left work in 1993 due to disabling stress caused by her employment, "her diagnoses have now changed and her personality disorders are no longer related to her employment." Therefore, because the CAB found that "the claimant ha[d] undergone a change in circumstances such that she [was] no longer entitled to indemnity payments," it concluded that a termination of benefits was warranted. The petitioner filed a motion for reconsideration, which the CAB denied. This appeal followed.

"We will overturn the CAB's decision only for errors of law, or if we are satisfied by a clear preponderance of the evidence before us that the decision is unjust or unreasonable." Appeal of Carnahan, 160 N.H. 73, 77 (2010) (quotation omitted). "The CAB's factual findings are prima facie lawful and reasonable." Id. This presumption may be overcome only by a showing that there was no evidence from which the CAB could conclude as it did. Appeal of Briand, 138 N.H. 555, 558 (1994). "Our task is not to determine whether we would have found differently than did the CAB, or to reweigh the evidence, but rather to determine whether the findings are supported by competent evidence in the record." Carnahan, 160 N.H. at 77 (quotation and brackets omitted). As the appealing party, the petitioner bears the burden of demonstrating error. See Appeal of Dean Foods, 158 N.H. 467, 471 (2009).

The petitioner first argues that res judicata barred the CAB from reviewing her eligibility for disability benefits. Although the doctrine of res judicata applies to final agency decisions in workers' compensation cases, we have recognized statutory exceptions to the finality otherwise accorded to CAB decisions. Carnahan, 160 N.H. at 77. Pursuant to RSA 281-A:48, I, "[a]ny party at interest with regard to an injury . . . may petition the commissioner to review a denial or an award of compensation" on several grounds, including a "change in condition[]" or a "mistake as to the nature or extent of the injury or disability." When such a mistake or change in condition can be proven, the CAB has continuous jurisdiction to review the claim. Carnahan, 160 N.H. at 77. The petitioner argues that neither a change in condition nor a mistake as to the nature or extent of the petitioner's disability occurred here. We disagree.

First, there was competent evidence before the CAB that it made a mistake as to the nature of the petitioner's injury in 1994 when it found that the petitioner had "no predisposition to mental illness." See id. at 76-78 (observing that "mistake in the prior determination of the extent of [the petitioner's] disability" constitutes "the type of mistake contemplated in RSA 281-A:48, I, as a proper ground for review"). Drukteinis testified that the petitioner had a "biological predisposition" to mental illness. He noted that, although the petitioner "may sincerely believe that it was [work] stressors that caused" her stress-related disability, her work environment was not "the substantial cause of her illness and why she's been sick for all these years." Rather, Drukteinis explained that, based upon an examination of her medical history, he believed that her pre-existing anxiety disorder was responsible for her stress-related disability in 1994. The CAB also accepted Drukteinis's opinion that "in 1994 neither the Department [of Labor] nor the CAB had a sufficient history by which they or the then treating providers could make the correct diagnosis." Thus, we agree with the CAB's conclusion that its 1994 finding of work-related disability was a "mistake" as contemplated in RSA 281-A:48, I, and, therefore, a proper ground for review and correction by the CAB.

2

Moreover, regardless of whether the petitioner was suffering from a work-related disability at the time of the 1994 hearing, we conclude that there was competent evidence for the CAB to find that, between 1994 and 2014, the petitioner experienced a "change in condition[]." RSA 281-A:48, I. We have recognized that a "change in condition which justifies [the] reopening and termination of disability benefits is ordinarily a change, for better or worse," in the claimant's condition. Appeal of Hiscoe, 147 N.H. 223, 230 (2001) (quotations and brackets omitted). "This change may take such forms as progression, deterioration, or aggravation of the compensable condition." Id. (quotation and ellipsis omitted); see 8 L. Larson, Larson's Workers' Compensation Law § 131.03[1][a] (2013). "If the medical evidence establishes that the petitioner's compensable work-related injury has ceased, a change in condition has occurred, warranting termination of benefits." Hiscoe, 147 N.H. at 230. This is true even though the claimant is still disabled, if the ongoing disability "is due to causes unrelated to the on the job injury." Id. (quotation omitted). When the employer is "not seeking to terminate the petitioner's disability benefits because she is able to return to work, but rather because her disability is no longer causally related to her workplace injury," it is "not required to prove . . . that the petitioner could return to her regular work or engage in gainful employment in order to terminate her benefits." Id. at 231.

Here, the CAB noted that the petitioner had undergone an "unfortunate and severe deterioration in condition" between 1994 and 2014. Drukteinis testified that the petitioner did not develop psychosis until 2006, and that by 2013, the petitioner's psychosis was "a lot worse." He also observed that, although a stressful work environment could have caused the petitioner to be "temporarily anxious and depressed," it would not result in her being "depressed and anxious for 21 years." Thus, there was competent evidence to support the CAB's conclusion that, even if the petitioner had a "stress related disability" caused by her work at the time of the 1994 hearing, her disability in 2014 was "in no way related to her work." See, e.g., id. at 230-31 (concluding that petitioner experienced change in condition based upon evidence that there was no causal connection between the petitioner's disability at the time of the hearing and an earlier workplace injury). Therefore, we hold that the CAB did not err in reviewing the petitioner's disability benefits because of a change in condition, pursuant to RSA 281-A:48, I.

Accordingly, because there was competent evidence to support the CAB's findings that either the CAB made a "mistake as to the nature" of the petitioner's disability in 1994 or that the petitioner experienced a "change in condition[]", RSA 281-A:48, I, we conclude that res judicata did not bar the CAB from terminating the petitioner's benefits.

The petitioner next argues that the CAB erred by accepting Drukteinis's expert opinion without addressing "any of the opinions of [the petitioner's] treating psychiatric professionals" whose records were provided to the CAB.

3

We find no error. In its 2014 order, the CAB noted that it reviewed the records of several of the petitioner's treating physicians. The CAB also observed that, although Drukteinis's medical opinion "need not be accepted," his testimony was "convincing and persuasive." The CAB is "free to disregard or accept, in whole or in part" the testimony of expert witnesses. Appeal of Gamas, 138 N.H. 487, 490-91 (1994); see Appeal of Northern New England Tele. Operations, LLC, 165 N.H. 267, 273 (2013) (observing that factfinder "is not compelled to accept opinion evidence of any witness including expert witnesses, and may even reject uncontroverted evidence"). Accordingly, we conclude that the CAB did not err by relying upon Drukteinis's testimony to find that, in 2014, the petitioner's disability was "in no way related to her work," and, therefore, that a termination of benefits was warranted. See Carnahan, 160 N.H. at 77 (CAB's decision will be upheld if its "findings are supported by competent evidence in the record" (quotation omitted)).

Other arguments raised by the petitioner are either not developed sufficiently to warrant our review, see Achille v. Achille, 167 N.H. 706, 718 (2015), or do not warrant further discussion, see Vogel v. Vogel, 137 N.H. 321, 322 (1993).

Affirmed.

DALIANIS, C.J., and HICKS, CONBOY, LYNN, and BASSETT, JJ., concurred.

**Eileen Fox,**
**Clerk**