# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

### In Case No. 2019-0095, Appeal of Steven MacDougall, the court on November 13, 2019, issued the following order:

Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case. See Sup. Ct. R. 18(1). Accordingly, we vacate that portion of our order of April 1, 2019, which stated that this case would be "scheduled for oral argument before the full court."

The claimant, Steven MacDougall (employee), appeals a decision of the New Hampshire Compensation Appeals Board (CAB) in his claim against his employer, United Parcel Service and its insurer, Liberty Mutual Insurance Co. (collectively employer). We affirm.

RSA chapter 541 governs our review of CAB decisions. See RSA 281-A:43, I(c) (2010). The party seeking to set aside the CAB's order bears the burden of proof "to show that the [decision] is clearly unreasonable or unlawful." RSA 541:13 (2007). "[A]ll findings of the [CAB] upon all questions of fact properly before it shall be deemed to be prima facie lawful and reasonable." Id. "[T]he order or decision appealed from shall not be set aside or vacated except for errors of law, unless the court is satisfied, by a clear preponderance of the evidence before it, that such order is unjust or unreasonable." Id.

When reviewing the CAB's findings, our task is not to determine whether we would have found differently than did the CAB, or to reweigh the evidence, but rather to determine whether the findings are supported by competent evidence in the record. Appeal of Phillips, 165 N.H. 226, 235 (2013). We review the CAB's rulings on issues of law de novo. See Appeal of Wingate, 149 N.H. 12, 14 (2002); RSA 541:13.

In this case, the employer denied the employee's Workers' Compensation claim in the first instance. On July 10, 2018, a New Hampshire Department of Labor (DOL) hearing officer found the employee's injury to be work-related and awarded him temporary total disability benefits from the date of his post-injury surgery and ongoing. The employer appealed the hearing officer's decision to the CAB, which held a de novo hearing on November 28, 2018, at which the employee was the sole witness. See Appeal of Rainville, 143 N.H. 624, 629 (1999) (stating CAB hearing is de novo). A letter, dated October 22, 2018, from the employee's treating physician, releasing him for work with a 40-pound lift restriction, was admitted without objection. This letter was written after the DOL hearing, and, thus, was not submitted at that hearing. The CAB found that the

employee was entitled to temporary total disability benefits from the date of the injury until the date of the physician's partial work-release letter and awarded him diminished earnings capacity benefits from the date of that letter forward.

Both the employee and his attorney requested partial reconsideration. Attached to the requests were numerous text messages apparently between the employee and the employer prior to the CAB hearing and several e-mails he and the employer exchanged after the CAB hearing, all relating to his return to work with lifting restrictions, which the employer refused to allow.

The employee contends that the CAB erred by: (1) admitting his treating physician's partial work-release letter and relying upon it to determine his condition as of the date of the letter rather than as of the date of the DOL hearing; (2) "reducing" the hearing officer's award of benefits when the CAB's hearing notice did not specify that it would consider such reduction; and (3) awarding the employee diminished earning capacity benefits from the date of the partial work-release letter forward when the employer did not make light-duty work available.

We first address whether these issues are preserved for our review. In an administrative appeal, the appellant must first file a motion for rehearing setting "forth fully every ground upon which it is claimed that the decision or order complained of is unlawful or unreasonable." RSA 541:4 (2007). Any ground not set forth in the motion for rehearing is not reviewable on appeal, absent good cause shown to specify additional grounds. Appeal of Walsh, 156 N.H. 347, 351 (2007). The reason for this requirement is that the CAB should have an opportunity to correct any alleged error in the first instance. Id. When the record does not demonstrate that the appealing party has met the requirements of RSA 541:4, we will not consider such issues. See id.

In this case, both the employee and his attorney requested the CAB to reconsider its decision. The employee challenged the CAB's finding that he "conceded he has not attempted to return to his UPS work" after receiving the partial work-release letter. The employee's attorney requested the CAB to reconsider its "[r]uling concerning [the] extent of disability." It clarified this broad statement by stating only that "[a]though [the employee] has a light duty work release, his employer refuses to make any light duty work available." The CAB concluded that these two requests raised the same issues and summarily denied them.

We conclude that these requests for reconsideration failed to raise: (1) the admission of, or the purpose for which the CAB considered, the partial work-release letter; or (2) the scope of the hearing notice, which, we note, specified "Review of Eligibility for Compensation" under RSA 281-A:48 (Supp. 2018). In his brief, the employee does not argue that there is "good cause" to allow him to specify additional grounds beyond those in the request for reconsideration.

Accordingly, we conclude that these issues are not preserved, see Walsh, 156 N.H. at 351, and limit our review to the one issue raised in the requests for reconsideration.

The employee contends that the CAB erred by awarding him only diminished earning capacity benefits from the date of the partial work-release letter forward when the employer did not make light-duty work available. The employee argues that the CAB improperly placed the burden on him to establish that he could not find work consistent with the letter's lift restriction. But see Appeal of Briand, 138 N.H. 555, 557 (1994) (stating claimant has burden of proving extent of disability). The employee testified that he had not looked for any other type of work since receiving the release. He further testified that he worked for the employer only two hours a day, five days a week, and that, after his injury, he continued to work as a realtor without interruption. To the extent that the employee argues that the CAB erred by not considering the text messages and e-mails attached to his requests for reconsideration, it could have reasonably determined that they were not material or lacked sufficient foundation. Cf. Lillie-Putz Trust v. DownEast Energy Corp., 160 N.H. 716, 726 (2010) ("Whether to receive further evidence on a motion for reconsideration rests in the sound discretion of the trial court."). The CAB was entitled to rely upon its own judgment, based upon the evidence of the employee's work capacity, age, education, and job training, to determine whether he had a diminished earning capacity. See Appeal of Malo, 169 N.H. 661, 669 (2017). Moreover, we conclude that such evidence was sufficient to support the CAB's finding that the employee had a diminished earning capacity as of the date of his treating physician's partial work-release letter.

The employee represents that he wished to return to work for the employer, which required him to be able to lift more than 40 pounds. He argues that "a claimant who is unable to return to his regular employment should not have his benefits summarily reduced without being given the opportunity to supplement them with light duty or part-time work." He asks us to "find that an injured worker's disability benefits cannot be reduced until the employer proves that work within his restrictions is actually available."

On the contrary, assuming without deciding that the CAB "reduced" the employee's benefits, "[i]t is axiomatic that [an employee] is eligible to receive disability benefits only as long as [his] injury arises out of and in the course of employment." Appeal of Hiscoe, 147 N.H. 223, 231 (2001) (quotation and brackets omitted). "The logical corollary to this maxim is that the [employee's] entitlement to disability benefits lasts only as long as the disability that is caused by the work-related injury." Id. For this reason, we conclude that when there is sufficient medical evidence that an employee's work-related injury has ameliorated to the point where he is released for work, the employer is not required to establish that suitable alternative work is available. See id. To construe RSA 281-A:48, III (Supp. 2018) otherwise would create the incongruous

3

result of an employer being unable to reduce an employee's disability benefits, even when the employee is no longer fully disabled by the compensable workplace injury.  See Hiscoe, 147 N.H. at 231.  Upon this record, we conclude that the employee has not shown that the CAB's decision is clearly unreasonable or unlawful.  See RSA 541:13.

Affirmed.

Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Eileen Fox,**
**Clerk**
